IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOHAMID HERNÁNDEZ-COTTO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO.: 16-2988 (PAD)
Related to: 14-031 (PAD)

## REPORT AND RECOMMENDATION

Pending before the court is petitioner Johamid Hernández-Cotto's motion to vacate, set aside or correct sentence under Title 28, United States Code, Section 2255 ("§2255 motion") and the government's response in opposition to the same. ECF Nos. 1, 5. In his §2255 motion, petitioner succinctly argues that "he had a minor role in conspiracy case." ECF No. 1 at 5.

Petitioner's §2255 motion should be denied because it is untimely and because it lacks merit. On October 27, 2014, judgment was entered against Johamid Hernández-Cotto in case 14-031 (PAD) as he was adjudicated guilty of conspiring to possess with intent to distribute cocaine in violation of Title 21, United States Code, Section 846 and 841 (a)(1) and (b)(1)(B). ECF No. 237 in case 14-031 (PAD). For said offense the defendant was sentenced to serve ninety-seven months of imprisonment and four years of supervised release; a special monetary assessment of one hundred dollars was imposed.

Petitioner did not appeal his sentence in case in 14-031 (PAD). On June 30, 2015, however, pursuant to Title 18, United States Code, Section 3582(c)(2), petitioner's sentence of ninety-seven months was reduced to seventy-eight months of imprisonment. ECF No. 293 in case 14-031 (PAD).

Ordinarily, a defendant's notice of appeal must be filed in the district court within 14 days after judgment has been entered. App.R.4(b)(1). In view that petitioner's judgment in case 14-031 (PAD) was entered on October 27, 2014 and that he did not appeal the same, said judgment became final on November 11, 2014. The instant petition under §2255, therefore, should have been filed no later than November 11, 2015. Yet, petitioner's §2255 motion was filed on November 17, 2016. ECF No. 316.

> A 1-year period of limitation shall apply to a motion under ... [§2255]. The limitation period shall run from the latest of –
>
> (1)     the date on which the judgment of conviction becomes final;
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28, United States Code, Section 2255(f)(1).

Even if *arguendo* one were to asumme the highly questionable premise that the reduction to petitioner's sentence entered on June 30, 2015 was for all practical purposes some sort of amended judgment, petitioner's §2255, petitioner's motion would still be untimely, as it was filed more than a year after said date.

Although this report could very well end here, even if petitioner's §2255 were to be viewed as implicitly raising an argument under Amendment 794 to the commentary to minor role guideline §3B1.2 of the United States Sentencing Guidelines, Amendment 794 to the United States Sentencing Guidelines is not retroactively applicable on collateral review. See United States v. Ochoa-Alapisco, 2016 WL 6561554, at *2 (D. Minn. Nov. 3, 2016); Ruiz-Loya v. United States, 2016 WL 5717881, at *3 (W.D. Tex. Sept. 30, 2016).

Finally, even if the court were to construe petitioner's motion as motion seeking reduction under 18 U.S.C. 3582(c), petitioner's argument could not prosper:

> The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B 1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B 1.10(a)(2)(B). Section 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable. Because Amendment 794 is thus not retroactively applicable, ... [petitioner's] request for a reduction under § 3582(c)(2) pursuant to this amendment has no legal validity and must be denied.

United States v. White, 2016 WL 4523288 (W.D. Va. Aug. 26, 2016) (emphasis in original). For all the foregoing reasons, petitioner's §2255 motion should be DENIED.

IT IS SO RECOMMENDED.

The parties have fourteen (14) business days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B), and Local Rule 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 27th day of June, 2017.

s/Marcos E. López
United States Magistrate Judge